DECISION AND JUDGMENT ENTRY {¶ 1} Appellant has filed a motion to strike two attachments to appellee's brief, namely, defendant's trial exhibits A and B. Appellant states that since those exhibits are not in the record that was transmitted to this court as the record on appeal, they must be stricken from appellee's brief. Appellee has not filed a response.
 {¶ 2} Appellant is correct in his assertion that defendant's exhibits A and B are not in the record that was transmitted to this court, but he is mistaken as to the consequence of that fact. The record on appeal consists of:
 {¶ 3} "Composition of the record on appeal. The original papers and exhibits thereto filed in the trial court, the transcript ofproceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." App.R. 9(A).
 {¶ 4} The record that was transmitted to the appellate court in this case contains a transcript of the proceedings before Magistrate David Smith on July 11, 2001. During those proceedings, defendant's exhibits A and B were offered and admitted into evidence. However, those exhibits were not transmitted to this court along with the transcript. In fact, plaintiff's exhibit Nos. 1 through 5 were not transmitted to this court either, despite their being offered and admitted into evidence at the hearing on July 11, 2001.
 {¶ 5} The question becomes who bears the responsibility to assure that the exhibits to the transcript are transferred to this court along with the transcript? App.R. 9(B) states that it is appellant's duty to order the transcript from the court reporter at the time the notice of appeal is filed. Appellant did this in his praecipe filed with his notice of appeal. In fact, the court reporter signed the certification on the praecipe stating that the transcript ordered by appellant will be approximately 25 pages and that she would need approximately 40 days to transcribe it. Thus, appellant fulfilled his responsibility in ordering the transcript.
 {¶ 6} Once the transcript is ordered from the court reporter, App.R. 9(B) states that it is the court reporter's duty to prepare the transcript in accordance with the following rules:
 {¶ 7} "A transcript prepared by a reporter under this rule shall be in the following form:
 {¶ 8} "* * *
 {¶ 9} "(6) An index to exhibits, whether admitted or rejected,briefly identifying each exhibit, shall be included following the indexto witnesses reflecting the page and line references where the exhibitwas identified and offered into evidence, was admitted or rejected, andif any objection was interposed;
 {¶ 10} "(7) Exhibits such as papers, maps, photographs, andsimilar items that were admitted shall be firmly attached, eitherdirectly or in an envelope to the inside rear cover, except as to exhibits whose size or bulk makes attachment impractical; documentary exhibits offered at trial whose admission was denied shall be included in a separate envelope with a notation that they were not admitted and also attached to the inside rear cover unless attachment is impractical;
 {¶ 11} "* * *
 {¶ 12} "The reporter shall certify the transcript as correct, whether in written or videotape form, and state whether it is a complete or partial transcript, and, if partial, indicate the parts included and the parts excluded." (Emphasis added.)
 {¶ 13} The transcript in this case does not conform to App.R. 9(B)(6) or (7). It is the court reporter's responsibility to correctly prepare the transcript of proceedings.
 {¶ 14} We find appellant's motion to strike the two attachments to appellee's brief, namely, defendant's trial exhibits A and B, not well-taken and it is denied.
 {¶ 15} We sua sponte order the court reporter who prepared this transcript to revise it so that it fully complies with App.R. 9(B)(6) and (7)[1], certify the revised transcript, and file it in the trial court within 20 days of the date of this decision. The clerk of courts shall serve a copy of this order on the court reporter and is hereby authorized to release the transcript of proceedings to the court reporter for revision. The trial court clerk shall immediately forward the revised transcript to the court of appeals clerk for filing.
 {¶ 16} It is so ordered.
Peter M. Handwork, P.J., Richard W. Knepper, J., Mark L. Pietrykowski,J., CONCUR.
[1] If the transcript of proceedings in this case did not contain any references to exhibits, the court reporter would then need to comply with 6th Dist.Loc.App.R. 19, which states:
"In addition to the requirements of App.R. 9, a transcript of proceedings prepared by a reporter to be included in the record on appeal shall state `NO EXHIBITS IDENTIFIED' if there are no exhibits identified or otherwise referred to in the transcript. This statement shall be made in place of the `index to exhibits' required in App.R. 9(B)(6)."